IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JACQUELINE A. ARNOLD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 06-344-JO |
| | ) | |
| v. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

David B. Lowry
Attorney at Law
9900 S.W. Greenburg Road, Suite 235
Portland, OR  97223

Tim D. Wilborn
WILBORN LAW OFFICE, PC
19092 S. Beavercreek Road
PMB #314
Oregon City, OR  97045

　Attorneys for Plaintiff

David J. Burdett
Michael McGaughran
SOCIAL SECURITY ADMINISTRATION
Office of the General Counsel
701 Fifth Avenue, Suite 2900
M/S 901
Seattle, WA  98104

Neil J. Evans
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

   Attorneys for Defendant

JONES, Judge:

Claimant Jacqueline Arnold seeks judicial review of a final decision of the Commissioner of Social Security denying her applications for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI").  This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

The case is now before the court on the Commissioner's motion to remand (# 20) for further administrative proceedings.  Claimant does not dispute that remand is appropriate, but contends that the remand should be for an award of benefits, not further proceedings.  For the reasons stated below, I agree with claimant that based on the administrative record, remand for an award of benefits is appropriate.

## ADMINISTRATIVE HISTORY

Claimant filed an application for DIB on February 10, 2003, and an application for SSI on January 14, 2003, alleging disability since July 20, 1996, due to coronary artery disease, arthritis, a stroke, poor memory, migraine headaches, depression, and anxiety attacks.  The

applications were denied initially and on reconsideration. Claimant requested a hearing. At the hearing on January 19, 2005, claimant, represented by counsel, her spouse Donald Arnold, a medical expert, and a vocational expert appeared and testified. On April 6, 2005, the Administrative Law Judge ("ALJ") issued a decision denying claimant's applications. The ALJ's decision became the final decision of the Commissioner on January 23, 2006, when the Appeals Council declined review.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

## SUMMARY OF THE ALJ'S FINDINGS

The ALJ first determined that claimant met the requirements for a period of disability and DIB through December 31, 2000. The ALJ then employed a five-step "sequential evaluation" process in evaluating claimant's disability, as required. See 20 C.F.R. §§ 404.1520, 416.920. The ALJ first determined that claimant has not engaged in substantial gainful activity since the alleged onset of disability.

Second, the ALJ found that claimant's coronary artery disease, residual effects of a stroke, depression, anxiety, and polysubstance abuse are severe, but that her medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 24.

Next, the ALJ determined claimant's residual functional capacity. In making that determination, the ALJ found claimant's testimony and allegations and those of her spouse concerning her limitations to not be fully credible. The ALJ assessed claimant's residual functional capacity as follows:

> [C]laimant retains the residual functional capacity to lift and carry no more than five pounds at any time. Furthermore, she can sit for up to six hours and stand or walk for up to two hours during an eight-hour day. The claimant must not be required to engage in constant pushing or pulling with her arms or legs, and is precluded from climbing, balancing, stooping, kneeling, crouching and crawling. Finally, she must avoid concentrated exposure to extremes of heat or cold, wetness, humidity, noise, vibration, dust and fumes, or hazardous conditions.

Tr. 24.

The ALJ next found that claimant could not perform her past relevant work. Based upon her age (younger individual), education (limited), lack of transferable skills, and residual functional capacity to perform a significant range of sedentary work, and considering the testimony of the vocational expert, the ALJ found that claimant could perform a significant number of jobs in the national economy, including work as an optical goods assembler or circuit board assembler. After concluding that claimant's medically determinable substance abuse disorder "is not a contributing factor to the disability determination," the ALJ found that claimant was not under a "disability" within the meaning of the Social Security Act and denied her applications for benefits. Tr. 25.

4 - OPINION AND ORDER

5 - OPINION AND ORDER

STATEMENT OF FACTS

The parties are familiar with the medical and other evidence of record; therefore, I will not recite the evidence except as necessary to explain my decision.

The Commissioner concedes, in general terms, that the ALJ erred, and suggests that remand is appropriate to, in essence, permit the ALJ to completely reevaluate this case in a process that, as described by the Commissioner, would direct the ALJ to reconsider the medical opinions of record, update claimant's medical records, obtain statements from her treating physicians, further develop the medical record, reassess claimant's residual functional capacity, obtain supplemental vocational expert testimony, consider the applicability of SSR 96-9p and the effect of claimant's inability to stoop on the sedentary occupational base, and further query the vocational expert.  Defendant's Memorandum in Support of Remand, p. 4.

Claimant agrees that remand is appropriate, but objects on a number of bases to further administrative proceedings.  The most persuasive of claimant's arguments in favor of remand for an award of benefits is her contention that certain of the ALJ's own findings compel a conclusion that she is "disabled" for purposes of the SSA.  Specifically, claimant relies on the ALJ's findings that she is precluded from any stooping and is limited to sitting for no more than six hours per day.

The issue, discussed in detail in Social Security Ruling ("SSR") 96-9p is one of erosion of the occupational base, in this case, the occupational base for sedentary work.  The ALJ found that claimant was restricted to less than a full range of sedentary work.  According to SSR 96-9p, that finding "reflects very serious limitations resulting from an individual's medical impairment(s) and is expected to be relatively rare."  With respect to the exertional strength

6 - OPINION AND ORDER

demand of "sitting," "if an individual is unable to sit for a total of 6 hours in an 8-hour work day, the unskilled sedentary occupational base will be eroded." Id. And with respect to the nonexertional limitation of the activity of stooping, the regulation provides:

> An ability to stoop occasionally; i.e., from very little up to one-third of the time, is required in most unskilled sedentary occupations. A *complete* inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply * * *.

SSR 96-9p (emphasis in original).

In this case, the ALJ found that claimant could sit no more than six hours, and was precluded from stooping. In formulating his first vocational hypothetical question to the vocational expert, however, the ALJ failed to include any limitation on sitting and included "occasional" stooping. In his second hypothetical question -- the question that elicited the vocational expert's opinion that there are light assembly jobs that claimant can perform -- the ALJ again failed to include a limitation on sitting, but did include the total preclusion on stooping. See Tr. 768-69. In the third hypothetical question, the ALJ added the need for 15 minute breaks "once a day on average * * * in lieu of normally scheduled breaks." Tr. 770. That additional limitation prompted the vocational expert to opine that "[i]t would preclude the ability to sustain those [assembly] jobs." Id. Finally, on counsel's questioning, the vocational expert opined that a limitation to sitting less than six hours would preclude sedentary assembly jobs:

> Q   [I]f you added that they could not, they would not be able to sit even six hours in an eight hour work day * * * [w]ould that worker be able to do the things that you opined they could do under hypothetical two?
>
> A   Just to clarify, so, what you're posing to me is that we are still looking at hypothetical two with the additional preclusion to sitting demands?
>
> Q   Yes.

7 - OPINION AND ORDER

>    A    Well, in assembly like positions they would be sitting for these particular type positions, which are considered sedentary. They would be sitting for most of the day during a typical eight hour work day.
>
>    Q    So, if in the hypothetical I included sit less than six hours that would preclude them from doing this job?
>
>    A    Given a typically eight hour day with normal breaks and lunch, I would have to agree that yes, that would preclude sedentary assembly jobs.

Tr. 771.

The ALJ actually found that claimant could sit "for up to six hours," not "for less than six hours." Notably, two of the physicians the ALJ acknowledged to be treating physicians opined that claimant "could sit for less than six hours." Tr. 21. For reasons not satisfactorily explained, the ALJ disregarded those opinions, substituting his own finding that she could sit for "up to six hours." Based on the vocational expert's testimony concerning the sitting demands of sedentary assembly jobs, however, any distinction between "up to" and "less than" does not change the analysis, because the jobs the vocational expert identified require "sitting for most of the day." Tr. 771.

The Ninth Circuit has clarified that the decision whether to remand for further proceedings or to award benefits ordinarily is within the court's discretion. See Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987); see also Ramirez v. Shalala, 8 F.3d 1449, 1455 (9th Cir. 1993). Remand for an award of benefits is appropriate where the record is complete and no outstanding issues must be resolved before a proper disability determination can be made. In this case, the ALJ's own findings combined with the vocational expert's testimony compel a conclusion that claimant is "disabled" within the meaning of the SSA. I therefore agree with claimant that in this particular case, remand for additional administrative proceedings would

8 - OPINION AND ORDER

serve no purpose. Consequently, I exercise my discretion to remand this case for an immediate award of benefits.[1]

## CONCLUSION

The Commissioner's motion for remand (# 20) is granted in part and denied in part as set forth in this opinion. The case is REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g) for an immediate award of benefits. Any other pending motions are denied as moot.

DATED this 19th day of June, 2007.

/s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

---

[1] Because the ALJ determined that claimant was not disabled, he did not separately address her limitations before December 31, 2000 (for purposes of DIB) and after. Significantly, however, the Physical Residual Functional Capacity Assessments prepared by both Dr. Whitehead (Exhibit 8F, Tr. 650-58) and Dr. Strauss (Exhibit 9F, Tr. 659-66) cover, according to the physicians' handwritten notes, the period up to December 31, 2000. Tr. 650, 659. Because for the most part the ALJ accepted the opinions of these two doctors, the record is sufficient to establish that claimant was disabled for purposes of the SSA before December 31, 2000, and is entitled to DIB benefits.

9 - OPINION AND ORDER